UNITED STATES DISTRICT COURT for the
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| STEPHEN REICH, in his fiduciary capacity as a Trustee for the LABORERS LOCAL 754 WELFARE FUND, PENSION FUND, SAVINGS FUND, ANNUITY FUND, INDUSTRY ADVANCEMENT FUND, NY HEALTH AND SAFETY FUND OF NORTH AMERICA, NYS LECET FUND, NYSLPA FUND, LABORERS' TRAINING FUND, 754 LABOR MANAGEMENT COMMITTEE, and 754/CONTRACTORS ORGANIZING & DEVELOPMENT FUND; and STEPHEN REICH as the Business Manager of the LABORERS LOCAL UNION 754, | **COMPLAINT** |
| Plaintiffs, | 18-CV-5921 |
| - against - | |
| COLONNELLI BROTHERS, INC., | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PLAINTIFFS, STEPHEN REICH, in his fiduciary capacity as a Trustee for the LABORERS LOCAL 754 WELFARE FUND, PENSION FUND, SAVINGS FUND, ANNUITY FUND, INDUSTRY ADVANCEMENT FUND, NY HEALTH AND SAFETY FUND OF NORTH AMERICA, NYS LECET FUND, NYSLPA FUND, LABORERS' TRAINING FUND, 754 LABOR MANAGEMENT COMMITTEE, and 754/CONTRACTORS ORGANIZING & DEVELOPMENT FUND (collectively, "FUNDS"); and STEPHEN REICH as the Business Manager of the LABORERS LOCAL UNION 754 ("LOCAL 754"), by their attorneys, HOLM & O'HARA LLP ("H&O"), as and for their Complaint against Colonnelli Brothers, Inc. ("COLONNELLI"), alleges the following:

## NATURE OF ACTION

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq., the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141, et seq., and common law.

## JURISDICTION AND VENUE

2. Jurisdiction over the causes of action alleged herein is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337; by 29 U.S.C. §§ 185(c), 1002(21), 1109(a), 1132(a)(2), 1132(a)(3), 1132(d), 1132(e)(1), 1132(f) and 1145.

3. Venue is properly placed in the Southern District of New York under 29 U.S.C. §§ 185(a) and 1132(e)(2) in that the FUNDS are administered in the County of Rockland, New York, and LOCAL 754 has its principal place of business in the County of Rockland, New York.

## PARTIES

4. Plaintiffs, the Laborers Local 754 Welfare Fund, Pension Fund, Savings Fund, Annuity Fund, Laborers' Training Fund and NY Health and Safety Fund of North America (collectively "Local 754 FUNDS") are jointly-trusteed, "multiemployer plans," established and maintained pursuant to various collective bargaining agreements and trust indentures, in accordance with 29 U.S.C. §§ 186(c)(5), (c)(6) and (c)(9). The Local 754 FUNDS are "employee benefit plans," within the meaning of ERISA, 29 U.S.C. §§ 1002(1), (2), (3) and 1132(d) (1), and are "multiemployer plans," within the meaning of 29 U.S.C. §§ 1002(37) and 1145. These ERISA Funds, the Local 754 FUNDS, are the administrator of all of the ERISA plans and non-ERISA plans (the "Plans"). Under the collective bargaining agreements, employers, including defendant company, COLONNELLI, are required to submit summaries of their payroll records and remit the required contributions, dues and assessments.

5. Each of the Local 754 FUNDS is authorized to maintain suit as an independent legal entity under 29 U.S.C. § 1132(d) (1). The Local 754 FUNDS are administered in Rockland County at 215 Old Nyack Turnpike, Chestnut Ridge, New York 10977.

6. In addition, the Local 754 FUNDS collect assessments from certain employees covered by the collective bargaining agreements who authorized their employers to deduct union dues and assessments due to the union ("Union Amounts") from their wages.

7. Local 754 FUNDS also collect, in accordance with the collective bargaining agreements, contributions due to the following non-ERISA plans: Industry Advancement Fund, 754 Labor Management Committee, and NYS LECET Fund. ("non-ERISA Plans"). Together, the Union Amounts and the amounts owed to non-ERISA plans are referred to as the "Non-ERISA contributions." The contributions to the ERISA plans and the non-ERISA contributions are collectively referred to as "Contributions." Plaintiff LOCAL 754 is an association formed under the laws of the State of New York, and is a "labor organization," within the meaning of 29 U.S.C. § 185, and an "employee organization" pursuant to 29 U.S.C. § 1002(4), representing employees in an "industry affecting commerce," as defined in 29 U.S.C. §§ 142(1) and 1002(12). LOCAL 754 maintains its office in Rockland County at 215 Old Nyack Turnpike, Chestnut Ridge, New York 10977.

8. Plaintiff STEPHEN REICH is a Trustee of the FUNDS, and is entitled to bring this action in his "fiduciary" capacity of the FUNDS, within the meaning of ERISA, 29 U.S.C. §§ 1002(21) and 1132, and common law. Plaintiff STEPHEN REICH is the Business Manager of LOCAL 754 and in his administrative capacity is duly authorized to bring this action for union dues and assessments against COLONNELLI.

9. Defendant COLONNELLI was, at all times relevant to this action, a foreign business corporation organized under, and existing by virtue of, the laws of the State of New Jersey, with its office and principal place of business located at 409 South River Street, Hackensack, New Jersey 07601, and was authorized to do business in New York.

10. Upon information and belief, COLONNELLI was, at all times relevant to this action, an "employer," within the meaning of 29 U.S.C. §§ 1002(5) and 1145, and is engaged in construction business, which qualifies COLONNELLI as an "employer engaged in an industry affecting commerce," within the meaning of 29 U.S.C. § 185.

## PRELIMINARY STATEMENT

11. On behalf of COLONNELLI, Nino Colonnelli, the owner of COLONNELLI, executed a Heavy, Highway and Utility Agreement between LOCAL 754 and the Contractors Association of Rockland County, Inc., dated June 14, 2002.

12. On behalf of COLONNELLI, Nino Colonnelli, the owner of COLONNELLI, executed the Construction Industry Council of Westchester and Hudson Valley, Inc. (the "CIC") Collective Bargaining Designation Form for agreements effective 2014 or 2015, dated March 19, 2014, designating the CIC as its bargaining agent with regard to Laborers Local 745 (HH) Rockland.

13. The designated employers to the Contractors Association of Rockland County, Inc. and the CIC and the Eastern New York Laborers' District Council and its affiliated Laborers' Local 754 entered into the Heavy, Highway and Utility Agreement for the period April 1, 2015 through March 31, 2018 (the "'15 CBA").

14. Article 6, Section 1, Paragraph E of the '15 CBA provides that the parties agree that all contractors, whether prime, general, sub, or any other category of contractors, shall

become parties to this Agreement, and signatories thereof, upon request to the Union to furnish men to perform work covered under the terms and conditions of the '15 CBA.

15. The '15 CBA states that it shall continue in force from April 1, 2015 until March 31, 2018 and only can be changed by mutual agreement, and if no changes are desired by either party within the specified period of time, then the '15 CBA shall continue and remain in force for another year, and so continue from year to year.

16. At all times relevant to the allegations of this Complaint, COLONNELLI and LOCAL 754 have been parties to and bound by the '15 CBA, as it continues from year to year and as it may be amended from time to time (the "AGREEMENT") governing the rates of pay and the working conditions of individuals employed by defendant COLONNELLI performing work covered under the AGREEMENT.

17. COLONNELLI employed individuals to perform work that is covered under the AGREEMENT.

18. COLONNELLI submitted some monthly payroll remittance reports to the FUNDS and paid some, but not all, contributions, dues and assessments to the FUNDS.

19. The AGREEMENT, including, but not limited to Articles 1 and 2, define: (a) the employees covered by the AGREEMENT; and (b) the work covered by the AGREEMENT.

20. Articles 8, 9, 10, 11, 15 and 17 of the AGREEMENT, require COLONNELLI to remit contributions to each of the FUNDS for all employees employed by COLONNELLI and covered by the AGREEMENT, from the first day of employment forward, in the amounts specified by the AGREEMENT, for each hour of work performed.

21. The contribution rates for each year are set forth in the rate sheets incorporated into the AGREEMENT.

22. Articles 12, 14, 16, 18 and 19 require COLONNELLI to remit dues and assessments for all LOCAL 754 members, as per the amounts specified in the AGREEMENT, along with a list of employees and the number of hours worked by each employee.

23. The dues and assessments rates for each year are set forth in the rate sheets incorporated into the AGREEMENT.

24. Articles 8, 9, 11, 19 of the AGREEMENT state that COLONNELLI agrees to comply with the Trust Agreement, By-Laws, Rules and Regulations of the respective FUNDS as the same may be amended from time to time and that the Trust Agreement, By-Laws, Rules and Regulations of the respective FUNDS shall be a part of the AGREEMENT as though the same were fully set forth therein.

25. Article 13 of the AGREEMENT and the Laborers Local 754 Joint Benefit Funds Collection and Audit Procedures, as adopted by the Trustees of the FUNDS on March 8, 2012, (the "Collection and Audit Procedures") requires COLONNELLI to submit monthly payroll remittance reports listing the names, social security numbers, and date of birth for all employees and the number of hours paid to each employee.

26. The FUNDS' monthly payroll remittance reports state that "[t]he undersigned herein agrees to be bound by the terms and conditions of said collective bargaining agreement and to participate as a contributing employer in the fringe benefit funds" and that "the undersigned will faithfully follow the terms and conditions of the trust agreements and collective bargaining agreement."

27. The Collection and Audit Procedures require that monthly remittance forms should be filed by the Employer with the FUNDS by the tenth (10th) of the month following the month in which the work is performed.

28. Any Employer that fails to make contributions to the FUNDS in the time frame permitted will be charged interest, penalties and expenses incurred in accordance with Section A of the Collection and Audit Procedures.

29. Article 21 of the AGREEMENT and Section B of the Collection and Audit Procedures require that COLONNELLI permit an examination of its books and records to enable determination and verification of the contributions due under Articles 8 through 14 of the AGREEMENT by an auditor designated by a majority of the Union and management trustees of the respective FUNDS.

30. Article 21(C) of the AGREEMENT and Section B of the Collection and Audit Procedures require that COLONNELLI make available all books and records required by the auditor to enable said auditor to correctly ascertain and verify the proper contributions due.

31. Pursuant to Article 21(D) of the AGREEMENT and Section A of the Collection and Audit Procedures, the trustees of the respective funds shall maintain appropriate actions, in law or in equity, to collect the proper amount of contributions due, for an accounting or for any other appropriate relief.

32. In the event of delinquency for which the Funds are required to refer the matter to legal counsel to collect the delinquency contributions, Section A(8) of the Collection and Audit Procedures states that COLONNELLI shall pay to the FUNDS: (a) all unpaid contributions; (b) interest on the unpaid contributions determined at the prime rate; (c) liquidated damages of twenty percent (20%) of the amount of the unpaid contributions; plus (d) reasonable attorneys' fees and costs of collection.

33. Since on or about October 30, 2017 to date, COLONNELLI has failed to submit full payment of fringe benefit contributions to the FUNDS, and dues and assessments to LOCAL

754 for employees performing work covered by the AGREEMENT.

## NOTIFICATION TO COLONNELLI

34. The FUNDS demanded multiple times via telephone that COLONNELLI submit payment to the FUNDS for outstanding contributions, dues and assessments for work performed during the period October 30, 2017 to date.

35. By letter dated April 10, 2018, H&O, on behalf of the FUNDS, demanded that COLONNELLI submit payment for contributions, dues and assessments due and owing to the FUNDS in an amount not less than $512,779.25 for the months of October 2017 through February 2018.

36. On May 3, 2018, COLONNELLI submitted payment for the contributions, dues and assessments due and owing to the FUNDS for the period October 2, 2017 through October 29, 2017 in the amount of $132,390.77.

37. The FUNDS made several additional requests by telephone to COLONNELLI for the outstanding contributions, dues and assessments.

38. To date, COLONNELLI has failed to remit full payment of fringe benefit contributions to the FUNDS in the total amount of $682,344.98 for the period October 30, 2017 through May 27, 2018.

## Violations of the AGREEMENT, ERISA and Common Law

39. In violation of the AGREEMENT and ERISA, COLONNELLI has failed to remit contributions to the Local 754 FUNDS for the period October 30, 2017 through May 27, 2018 and continuing throughout the pendency of this action.

40. Pursuant to ERISA, 29 U.S.C. §§ 1132(a)(3) and (g)(2), common law, the AGREEMENT and the Collection and Audit Procedures, COLONNELLI is liable to the Local

754 FUNDS for: (a) all delinquent contributions for the period October 30, 2017 through May 27, 2018 and continuing throughout the pendency of this action; (b) interest on all delinquent contributions at the prime rate (as defined in the Collection and Audit Procedures); (c) liquidated damages of twenty percent (20%) on all delinquent contributions (as defined in the Collection and Audit Procedures); (d) the cost of the audit; (e) reasonable attorneys' fees, costs and expenses of the action, in accordance with ERISA; (f) along with such other legal and equitable relief as the Court deems appropriate.

41. In violation of the AGREEMENT, COLONNELLI has failed to remit dues and assessments to LOCAL 754 for the period October 30, 2017 through May 27, 2018 and continuing throughout the pendency of this action.

42. Pursuant to the AGREEMENT and New York C.P.L.R. 5001 and 5004, LOCAL 754 is entitled to recover from COLONNELLI all delinquent dues and assessments for the period October 30, 2017 through May 27, 2018, and continuing throughout the pendency of this action, along with prejudgment interest at nine percent (9%) per annum from the date due to the date paid.

## AS AND FOR PLAINTIFF FUNDS' FIRST CLAIM
## FOR RELIEF AGAINST COLONNELLI

43. Plaintiff FUNDS repeat and reallege paragraphs "1" through "42" hereof with the same force and effect as if such were fully set forth herein.

44. COLONNELLI's failure to submit contributions due and owing the FUNDS, as set forth in paragraphs "34" through "38" herein, constitutes a violation of ERISA, 29 U.S.C. §§ 1132 and 1145.

45. Accordingly, pursuant to 29 U.S.C. § 1132(g)(2), the FUNDS are entitled to recover the following: (a) all unpaid contributions found due and owing for the period October

30, 2017 through May 27, 2018 and continuing throughout the pendency of this action; (b) interest at the prime rate on all unpaid contributions (as defined in the Collection and Audit Procedures); (c) liquidated damages in the amount of twenty percent (20%) on all unpaid contributions (as defined in the Collection and Audit Procedures); (d) the cost of the audit; (e) reasonable attorneys' fees, costs and expenses of the action; (f) along with such other legal and equitable relief as the Court deems appropriate.

### AS AND FOR PLAINTIFF FUNDS' SECOND CLAIM
### FOR RELIEF AGAINST COLONNELLI

46. Plaintiff FUNDS repeat and reallege each and every allegation contained in paragraphs "1" through "45" of this Complaint as if fully set forth herein.

47. COLONNELLI's failure to submit contributions due and owing to the FUNDS, as set forth in paragraphs "34" through "38" herein, and continuing during the pendency of this action, constitutes a violation of the AGREEMENT and the Collection and Audit Procedures.

48. Accordingly, the AGREEMENT and the Collection and Audit Procedures entitle the FUNDS to receive the following: (a) all unpaid contributions for the period October 30, 2017 through May 27, 2018 and continuing throughout the pendency of this action; (b) interest on all unpaid contributions at the prime rate (as defined in the Collection and Audit Procedures); (c) liquidated damages of twenty percent (20%) on all unpaid contributions (as defined in the Collection and Audit Procedures); (d) the cost of the audit; (e) attorneys' fees, costs and expenses of the action; and (f) such other legal and equitable relief as the Court deems appropriate.

### AS AND FOR PLAINTIFF LOCAL 754's CLAIM
### FOR RELIEF AGAINST COLONNELLI

49. Plaintiff LOCAL 754 repeats and realleges each and every allegation contained in

paragraphs "1" through "48" hereof with the same force and effect as if such were fully set forth herein.

50. COLONNELLI's failure to remit dues and assessments to LOCAL 754, as set forth in paragraphs "34" through "38" herein, constitutes a violation of the AGREEMENT.

51. Accordingly, COLONNELLI is liable to LOCAL 754 for the following: (a) unremitted dues and assessments from October 30, 2017 through May 27, 2018, and continuing throughout the pendency of this action; and (b) accrued prejudgment interest on said dues and assessments at the rate of nine percent (9%) per annum.

**WHEREFORE**, plaintiffs FUNDS and LOCAL 754 hereby request judgment as follows:

a) against COLONNELLI for all outstanding past due contributions to the FUNDS for the period October 30, 2017 through May 27, 2018 and continuing throughout the pendency of this action, pursuant to ERISA and the AGREEMENT;

b) against COLONNELLI, for payment of all outstanding dues and assessments found due and owing for the period October 30, 2017 through May 27, 2018, and continuing throughout the pendency of this action, in accordance with the AGREEMENT and common law;

c) against COLONNELLI, for accrued prejudgment interest at the prime rate on all on unpaid contributions found to be due and owing under the AGREEMENT, in accordance with ERISA and the AGREEMENT;

d) against COLONNELLI, for accrued prejudgment interest of nine percent (9%) per annum on all unpaid dues and assessments found to be due and owing under the AGREEMENT, in accordance with the AGREEMENT and common law;

e) against COLONNELLI, for statutory liquidated damages of twenty percent (20%) on all unpaid contributions found due and owing under the AGREEMENT, in accordance with ERISA and the AGREEMENT;

f) against COLONNELLI, for the cost of the audit, in accordance with ERISA and the AGREEMENT;

g) against COLONNELLI, for attorneys' fees, costs and expenses associated with this action, in accordance with ERISA and the AGREEMENT;

h) against COLONNELLI, in the form of an Order under 29 U.S.C. § 1132 and common law, permitting the FUNDS the right to enter judgment on the total amount of COLONNELLI's contributions due and owing, and to assess prejudgment interest at the prime rate (as defined in the Collection and Audit Procedures) on said contributions from the date due to the date paid, liquidated damages of twenty percent (20%) on said contributions (as defined in the Collection and Audit Procedures), audit costs, attorneys' fees, costs and expenses, in accordance with ERISA; and

i) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 29, 2018

> Respectfully submitted,
>
> HOLM & O'HARA LLP
> *Attorneys for Plaintiffs*
>
>
> By: /s/ Carol G. Dell
> Carol G. Dell (CG 7895)
> 3 West 35th Street, 9th Floor
> New York, New York 10001
> (212) 682-2280
> c.dell@hohlaw.com

*Index No.*   **CV-5921**   *Year* **2018**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**STEPHEN REICH, in his fiduciary capacity as a Trustee for the LABORERS LOCAL 754 WELFARE FUND, PENSION FUND, SAVINGS FUND, ANNUITY FUND, INDUSTRY ADVANCEMENT FUND, NY HEALTH AND SAFETY FUND OF NORTH AMERICA, NYS LECET FUND, NYSLPA FUND, LABORERS' TRAINING FUND, 754 LABOR MANAGEMENT COMMITTEE, and 754/CONTRACTORS ORGANIZING & DEVELOPMENT FUND; and STEPHEN REICH as the Business Manager of the LABORERS LOCAL UNION 754,**

                                        **Plaintiffs,**

                         - against –

**COLONNELLI BROTHERS, INC.,**

                                        **Defendant.**

---

**COMPLAINT**

---

**HOLM & O'HARA LLP**

*Attorneys for:*                 **Plaintiff(s)**

**3 West 35th Street, 9th Floor
New York, NY 10001**

---